United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD LUIS AMEZQUITA, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:23-CV-00162 |
| | § |
| E. HOLMES, *et al.*, | § |
| | § |
| Defendants. | § |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On September 14, 2023, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 13), recommending that certain claims be retained and others be dismissed. After obtaining extensions of his deadline, Plaintiff filed his objections (D.E. 20) on November 28, 2023, and they are deemed timely. *See* D.E. 16; D.E. 20, p. 8.

As a preliminary matter, Plaintiff objects to any dismissal of claims for monetary damages because he suffered broken ribs. In this regard, he does not identify any specific ruling or provide any authority to demonstrate error. Consequently, the complaint does not constitute a proper objection to the M&R. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

The Court **OVERRULES** the objection as stated and treats it as an introduction to his other objections.

First, Plaintiff objects to the dismissal of claims against Nurse Martinez in her individual capacity because he advised her that he was experiencing broken ribs, but she wholly failed to act for three weeks to diagnose his symptoms, treat his condition, or refer him to a proper healthcare provider, deliberately delaying any attention to his broken ribs and leaving him in significant pain (a substantial harm). According to the M&R, "the undersigned respectfully recommends that Plaintiff's deliberate indifference claim against Nurse Martinez in her individual capacity pertaining to the denial of care on March 4, 2022 be *retained*." D.E. 13, p. 21 (emphasis added). Plaintiff has misunderstood the recommendation of the M&R. His objection is therefore **OVERRULED** as moot. To the extent that he also objects to the dismissal of Nurse Martinez in her official capacity, the Court refers to Plaintiff's third objection.

Second, Plaintiff objects to the dismissal of claims against Plumber Martinez because Plumber Martinez was aware of the flooding of his cell and the serious risk of substantial harm from a slip and fall and failed to repair the water leaks. According to the M&R, "the undersigned respectfully recommends that Plaintiff's deliberate indifference claim pertaining to the dangerous conditions in his cell against Plumber Martinez in his individual capacity be *retained*." D.E. 13, p. 16 (emphasis added). Again, Plaintiff has misunderstood the recommendation of the M&R. His objection is therefore

**OVERRULED** as moot. To the extent that he also objects to the dismissal of Plumber Martinez in his official capacity, the Court refers to Plaintiff's third objection.

Third, Plaintiff objects to the dismissal of his claims for compensatory damages in Defendants' respective official capacities. D.E. 20, p. 5. He contends that damages are necessary to hold Defendants accountable for their unconstitutional actions. This objection fails to address the Eleventh Amendment limitation on this Court's jurisdiction to assess damages against a State or its officials sued in their official capacity. The M&R does not dismiss those claims for any other reason. And those claims are dismissed without prejudice because this Court's disposition will not preclude Plaintiff from seeking relief in another forum if the law provides for such a claim. Plaintiff's third objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court **RETAINS** the following claims:

- Plaintiff's deliberate indifference claim pertaining to the dangerous conditions in his cell against Plumber Martinez in his individual capacity;

- Plaintiff's deliberate indifference claim pertaining to the dangerous conditions in his cell against Warden E. Holmes in his official capacity for injunctive relief;

- Plaintiff's deliberate indifference claim pertaining to the denial of medical care against Nurse Martinez in her individual capacity; and

- Plaintiff's deliberate indifference claim pertaining to the denial of medical care against Dr. Isaac Kwarteng in his official capacity for injunctive relief.

The Court further **ORDERS** that:

- Plaintiff's § 1983 claims for money damages against Warden E. Holmes, Crystal Breauz, Dr. Isaac Kwarteng, and Gary W. Pendarius in their official capacities be **DISMISSED** without prejudice as barred by the Eleventh Amendment; and

- Plaintiff's remaining § 1983 claims against Defendants in their respective individual and official capacities not otherwise disposed of above be **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief.

**ORDERED** on January 18, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE